## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF )
INFORMATION ASSOCIATED WITH )
SIX ACCOUNTS STORED AT )
PREMISES CONTROLLED BY ONE )
PROVIDER PURSUANT TO 18 U.S.C. )
§ 2703 FOR INVESTIGATION OF )
VIOLATIONS OF 18 U.S.C. § 951 )
_____ )

SC NO: 24-sc-2315

Case: 1:26−mc−00098
Assigned To : Boasberg, James E.
Assign. Date : 6/22/2026
Description: Misc.

## MICHAEL CAPUTO'S AND JUDICIAL WATCH, INC.'S COMBINED
## MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT MATERIALS

Michael Caputo and Judicial Watch, Inc., by counsel, move to intervene in this matter for

the limited purpose of unsealing the search warrant materials related to the November 18, 2024

warrant directed at Caputo's Google account. Caputo and Judicial Watch also move to unseal

those materials. The reasons for this combined motion are stated in the accompanying

memorandum of points and authorities.

Dated: June 22, 2026

Respectfully submitted,

Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Michael Caputo and Judicial
Watch, Inc.*

**RECEIVED**

JUN 2 2 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF )
INFORMATION ASSOCIATED WITH )
SIX ACCOUNTS STORED AT )       SC NO: 24-sc-2315
PREMISES CONTROLLED BY ONE )
PROVIDER PURSUANT TO 18 U.S.C. )
§ 2703 FOR INVESTIGATION OF )
VIOLATIONS OF 18 U.S.C. § 951 )
_____ )

**MICHAEL CAPUTO'S AND JUDICIAL WATCH, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR COMBINED
<u>MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT MATERIALS</u>**

**I.      Introduction.**

Michael Caputo and Judicial Watch, Inc. respectfully request this Court allow them to intervene in this matter for the limited purpose of unsealing the search warrant materials related to the November 18, 2024 warrant directed at Caputo's Google account and unseal those materials. *See* Exhibit A. This Court has both the authority and the duty to consider the public's qualified First Amendment and common law right of access to judicial records. The warrant materials sought here are judicial records subject to the presumption of public access. Because no compelling governmental interest justifies continued sealing, and because both Caputo, whose entire online private life was seized, and Judicial Watch, which seeks to inform the public about the weaponization of the federal government against political opponents and their allies, have powerful interests in disclosure, the Court should unseal these materials.

**II.      Factual Background.**

On November 18, 2024, this Court issued a search warrant that authorized the United States to seize the private content of Michael Caputo's Google account, as well as all data and transactional information related to that account, for the period from January 1, 2019, to April 1,

2021, from Google. The search warrant was sweeping in scope. It included all communications and attachments across every Google platform Caputo used, including email, messaging, voice, and chat services; all files stored or shared through Google Drive, Photos, and related storage services; all search history, web browsing history, and location data; calendar entries, contacts, and productivity documents; advertising and analytics data; and all associated metadata, including IP addresses, routing information, device identifiers, timestamps, and file sizes.

The same day, this Court ordered Google not to disclose the existence or content of the search warrant for a period of one year. The order prohibited Google from even informing Caputo that it received and was complying with the search warrant. The Court also sealed the warrant as well as the application, affidavit, supporting documents, and all other related materials until otherwise ordered by the Court. According to PACER, the seal remains in place.

## III.    Movants.

Movant Michael Caputo, a longtime ally of and policy advisor to President Donald J. Trump, is a political consultant and former Assistant Secretary for Public Affairs at the U.S. Department of Health and Human Services. He has never been charged with any crime. Yet, in the days after the November 2024 election, the United States seized his entire online private life, as reflected in his Google account. It did so without his knowledge. Caputo therefore seeks to unseal the search warrant materials to know the reasons for the United States' sweeping seizure and the evidence relied on to substantiate the search warrant. As the subject of the search warrant, whose most private communications, files, digital and banking records were seized without his knowledge, Caputo's interest in these records is obvious.

Judicial Watch is a not-for-profit, educational organization that seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. An

integral part of Judicial Watch's mission is educating the public about the operations and activities of the government and government officials. To this end, Judicial Watch undertakes investigations of the federal government and federal officials by making extensive use of the Freedom of Information Act, among other investigative tools. Judicial Watch subsequently analyzes all records it receives and disseminates its findings to the public.

Here, Judicial Watch is investigating the potential politicization of numerous federal law enforcement agencies and whether they abused their powers to attack an ally of a political opponent. Judicial Watch's investigation has previously included obtaining judicial records related to the FBI's and the U.S. Department of Justice's investigations of President Donald J. Trump and his associates. *U.S. v. Sealed Search Warrant*, Case No. 22-mj-08332-BER-1 (S.D. Fla., Mot. filed Aug. 9, 2022) (motion to unseal the search warrant materials relating to the August 8, 2022 search of President Donald J. Trump's Florida residence); *In re Transcripts of this Court related to the Surveillance of Carter Page*, Case No. 18-misc-03 (F.I.S.C., filed Jul. 24, 2018) (motion for publication of transcripts of hearings relating to Foreign Intelligence Surveillance Act warrants of Carter Page); *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 18-00245-CRC (D.D.C., filed Feb. 2, 2018) (FOIA lawsuit for judicial records relating to Foreign Intelligence Surveillance Act warrants of Carter Page). This investigation forms the broader context within which the warrant targeting Caputo must be understood.

With respect to investigations of Caputo, Judicial Watch is currently seeking records from the Federal Bureau of Investigation, the Office of the Director of National Intelligence, the Executive Office of the United States Attorney, and the U.S. Department of Justice's National Security Division, Office of Information Policy, and Criminal Division. Those records are being sought pursuant to the Freedom of Information Act in *Judicial Watch, Inc. v. U.S. Department of*

*Justice*, Case No. 25-cv-01903-RBW (D.D.C., filed June 17, 2025); *Judicial Watch, Inc. v. Office of the Director of National Intelligence*, Case No. 25-cv-02469-CKK (D.D.C., filed Jul. 30, 2025); and *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 25-cv-02631-TJK (D.D.C., filed Aug. 12, 2025).  Judicial Watch also has similar FOIA lawsuits related to the investigations of other individuals, including Rudy Giuliani and Mike Lindell.  *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 26-cv-01158-CRC (D.D.C., filed Apr. 6, 2026) (FOIA lawsuit for records of the FBI and the Justice Department's Criminal Division, Executive Office of the U.S. Attorneys and Office of Information Policy about investigations of Rudy Giuliani); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-03850-SLS (D.D.C., filed Nov. 3, 2025) (FOIA lawsuit for records of the FBI and the Justice Department's Criminal Division and Office of Information Policy about investigations of Mike Lindell); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-00588-JMC (D.D.C., filed Feb. 28, 2025) (FOIA lawsuit for records of the FBI about Christina Bobb).

The unsealing of these materials is just one piece of Judicial Watch's broader investigation.  If the Court were to unseal the materials, Judicial Watch would obtain, analyze, and make them available to the public, furthering its mission of educating the public about the workings of the federal government.

## IV.    Argument.[1]

"The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re L.A. Times Commns., LLC to Unseal Ct. Record*, 628 F. Supp. 3d 55, 62 (D.D.C. 2022) (citations omitted). The target of a criminal investigation also derives a right to the judicial records under the Warrant Clause of the Fourth Amendment. U.S. Const. amend. IV.

### A.    Caputo and Judicial Watch have a common law right to the warrant materials.

Search warrant materials, including the warrant application, supporting affidavit, and any related nondisclosure orders, qualify as judicial records. *In re L.A. Times Commns., LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022). "The public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). "At bottom, it reflects the antipathy of a democratic country to the notion of 'secret law,' inaccessible to those who are governed by that law." *Id.* at 1127. A "strong presumption in favor of public access to judicial proceedings, including judicial records" therefore exists. *Id.* at 1127 (citation and internal quotations omitted).

When the government seeks to overcome this presumption and maintain a seal, courts in this Circuit apply the six-factor balancing test established in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). "The *Hubbard* test has consistently served as our lodestar for evaluating motions to seal or unseal judicial records because it ensures that [courts] fully account for the

---

[1]    Because the D.C. Circuit has held that "nonparties may permissively intervene for the purpose of challenging confidentiality orders," *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998), and that principle extends to orders sealing judicial records, Caputo and Judicial Watch focus this memorandum on the merits of their request to unseal the search warrant materials.

- 5 -

various public and private interests at stake." *Leopold*, 964 F.3d at 1127 (citation and internal quotations omitted); *see also MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017). "Under the *Hubbard* test, a seal may be maintained only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires." *Leopold*, 964 F.3d at 1131 (citation and internal quotations omitted). The six *Hubbard* factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *In re Press Application for Access to Judicial Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 169 (D.D.C. 2023) (citation omitted).

All six *Hubbard* factors support unsealing.

First, the need for public access is substantial. The search warrant here was sweeping in scope as it sought Caputo's entire online private life as reflected in his Google account. The public has a real interest in knowing the evidence underlying the search warrant application for such an extraordinary seizure and whether the warrant was sought for legitimate law enforcement purposes rather than to target a political opponent's ally. These questions cannot be examined while the materials remain sealed.

Second, the public does not have access to these materials. They remain sealed entirely.

- 6 -

Third, Movants are unaware of any objection to this motion. No party has appeared to oppose unsealing. The government has offered no public justification for continued sealing. The absence of any identified opposing interest weighs in favor of disclosure.

Fourth, the privacy and property interests at stake favor Caputo, not the government. Caputo is the subject of the search warrant and affirmatively seeks disclosure of his own records. He has no interest in maintaining their confidentiality.

Fifth, no prejudice will result from disclosure. Caputo was never charged. The investigation appears to have concluded. There is no ongoing prosecution that disclosure could jeopardize, no witness whose safety is at risk, and no trial whose fairness could be compromised. The purported rationale for sealing that existed at the time the warrant issued no longer exists.

Sixth, the search warrant materials were introduced to obtain judicial authorization for a search. They had no other purpose but to assist the Court in deciding whether to issue the search warrant.

Taken together, all six factors weigh heavily in favor of unsealing. The historical presumption of access to warrant materials vastly outweighs any interest the government may have in maintaining the seal.

### B.  Michael Caputo and Judicial Watch have a First Amendment right to the warrant materials.

The First Amendment independently requires that certain judicial proceedings be open to the public. To determine when this right applies, courts apply the "experience and logic" test, asking: (1) whether "there has been a tradition of accessibility" to the proceedings in question; and (2) whether public access would "play[] a particularly significant positive role in the actual functioning of the process in question." *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 8 (1986) (*Press-Enterprise II*); *In re Press Application*, 704 F. Supp. 3d at 173. The

government may overcome this right only by demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise II*, 478 U.S. at 13–14 (citation omitted).

Both of the test's prongs are satisfied. Courts in this Circuit have recognized a historical tradition of public access to warrant proceedings. *In re Press Application*, 704 F. Supp. 3d at 173–74 (finding a tradition of access to warrant materials in the D.D.C. context). In addition, judicial authorization for a search is a check on executive overreach; that check is meaningful only if the public can scrutinize whether courts are performing it. Access to these materials would allow the public to assess whether the search warrant targeting Caputo was supported by genuine probable cause or reflected an abuse of the warrant process.

Moreover, the government cannot meet its burden under "experience and logic" test for the same reasons it cannot overcome the common law right to access. It has identified no higher value requiring closure, and the original rationale for sealing no longer exists. Caputo was never charged; indeed, as far as the public record reflects, no one was charged in this investigation. Even if some residual interest in confidentiality existed, sealing the materials in their entirety is not narrowly tailored to serve any such interest. *See Press-Enterprise II*, 478 U.S. at 13–14.

### C.    Michael Caputo has a right to the warrant materials under the Warrants Clause.

Separate from the public's right of access, Mr. Caputo has a personal interest in the warrant materials rooted in the Fourth Amendment and Federal Rule of Criminal Procedure 41. A person whose property or private data has been seized pursuant to a warrant has an obvious, cognizable interest in knowing whether the Fourth Amendment's requirements were met. Mr. Caputo cannot know if that occurred if the warrant materials remain sealed.

Movants could not locate a decision by either the D.C. Circuit or this Court directly on point. However, as Magistrate Judge Allison H. Goddard of the Southern District of California recently explained, numerous courts have recognized the distinction between the public's right of access to warrant materials and the right of access held by the subject of a search warrant. *Cactil, LLC v. United States*, No. 3:24-cv-01270-LL-AHG, 2024 U.S. Dist. LEXIS 162864, at *6 (S.D. Cal. Sep. 10, 2024). Judge Goddard further went on to explain that the right of the target is "rooted in the Warrant Clause of the Fourth Amendment, allowing an individual to inspect the probable cause affidavit leading to the warrant." *Id.* And that right is only "overcome where a compelling governmental interest is demonstrated requiring that the materials be kept under seal, and there is no less restrictive means, such as redaction, capable of serving that interest." *Id.* at **6-7.

In addition, Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion obviously necessarily implicates the warrant materials themselves, because an individual cannot meaningfully challenge the legality of a seizure without access to the affidavit and application purported to justify it.

Although Mr. Caputo does not file a Rule 41(g) motion concurrently with this motion, the same logic applies: the government seized his entire online private life as reflected in his Google account, retained whatever it extracted, and never charged him with any crime. He cannot assess whether to seek return of his property or whether the warrant that authorized the seizure was constitutionally defective without first seeing the materials this Court is asked to unseal.

Mr. Caputo's individual interest reinforces rather than displaces the *Hubbard* analysis. His stake in the materials is directly relevant to factors one and four of that test. Where, as here,

- 9 -

the person most directly affected by the sealed record affirmatively seeks its disclosure and has a Fourth Amendment basis for doing so, those factors weigh decisively in favor of unsealing.

## V.   Conclusion.

For these reasons, Michael Caputo and Judicial Watch respectfully request that the Court allow them to intervene in this matter for the limited purpose of unsealing the search warrant materials related to the November 18, 2024 warrant directed at Caputo's Google account and unseal the search warrant materials related to the November 18, 2024 warrant directed at Caputo's Google account.

Dated: June 22, 2026

Respectfully submitted,

Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Michael Caputo and Judicial Watch, Inc.*

- 10 -

CERTIFICATE OF SERVICE

I, Michael Bekesha, certify that on June 22, 2026, a true and correct copy of the

foregoing Motion to Intervene and Unseal Search Warrant Materials and the accompanying

Memorandum in Support was served by U.S. Mail, certified postage prepaid, electronic return

receipt requested, on the following counsel for the U.S. government with a courtesy copy

transmitted by electronic mail, to:

Gregg Maisel
Deputy Chief, Criminal Division
Chief, National Security Section
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20579
Gregg.Maisel@usdoj.gov

Evan Turgeon
Chief, Foreign Agent Registration Act Unit
Deputy Chief, Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
175 N Street, NE
Constitution Square, Building 3 - Room 1.204
Washington, DC 20002
Evan.Turgeon@usdoj.gov

Michael Bekesha by Sop

Michael Bekesha