**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE MICHAEL CAPUTO'S AND JUDICIAL WATCH INC.'S COMBINED MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT MATERIALS | **26-mc-98 (JEB)**<br><br>**Attachment Filed**<br>***Ex Parte*, Under Seal** |

**GOVERNMENT'S RESPONSE TO MOTION TO**
**INTERVENE AND UNSEAL SEARCH WARRANT**
**MATERIALS AND MOTION TO SEAL**
**PERSONALLY IDENTIFYING INFORMATION**

The United States of America, by and through the undersigned counsel, respectfully responds to Michael Caputo and Judicial Watch Inc.'s Combined Motion to Intervene and Unseal Search Warrant Materials (the "Combined Motion") and Michael Caputo's Motion to Seal Personally Identifying Information (the "PII Motion").

**AREAS OF AGREEMENT**

The government does not object to Mr. Caputo and Judicial Watch, Inc.'s motion to intervene for the limited purpose of seeking to unseal the search warrant materials related to a warrant dated November 18, 2024, directed at Mr. Caputo's Google account.

Likewise, the government does not object to the PII Motion, which will keep Mr. Caputo's email account off the public record.

As for the substance of the Combined Motion, because it involves a closed investigation, the government agrees that, within the D.C. Circuit, the search warrant application (the

"Application")[1] is a judicial record to which the public has a common-law right of access. *See generally In re L.A. Times Commc'ns. LLC,* 28 F.4th 292, 297 (D.C. Cir. 2022); *In re Leopold,* 964 F.3d 1121, 1123 (D.C. Cir. 2020). In addition, the government agrees that, under the applicable law in this matter, the public has a First Amendment right-of-access to the Application. *See generally Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 13-14 (1986); *In re Press Application for Access to Judicial Recs. In Case No. 23-SC-31*, 704 F. Supp. 3d 161, 173-74 (D.D.C. 2023).[2]

## PORTIONS OF THE APPLICATION MUST REMAIN UNDER SEAL

Portions of the Application, however, must remain under seal to protect compelling third-party privacy and reputational interests, as well as significant law enforcement interests. As the D.C. Circuit has explained, courts evaluating whether the common-law right of access supports unsealing judicial records must assess, among other factors, "[t]he strength of any property and privacy interests asserted" and "the possibility of prejudice to those opposing disclosure"—the latter of which may include prejudice to law enforcement interests. *In re Leopold*, 964 F.3d at 1131; *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).[3]

---

[1] To the extent that the Combined Motion also seeks unsealing of any application(s) for non-disclosure order(s), the government has not yet had an opportunity to locate and review any such materials. The government will endeavor to do so promptly and report back to the Court and movants.

[2] Because the government does not dispute the common-law right of access or the First Amendment right of access to the Application, this brief does not address the argument advanced in the Combined Motion (ay 8-10) that there is a separate right of access under the Warrants Clause of the U.S. Constitution.

[3] The six factors described in the "*Hubbard* test" are: (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Leopold*, 964 F.3d at 1131. With regard to these factors, the government submits that any need for public access here is readily satisfied by release of the portions of the Application which the government has agreed should be unsealed.

The government is submitting to the Court *ex parte* and under seal its proposed redactions to the Application in Attachment A to protect those interests.

First, although Mr. Caputo has effectively waived any of his own privacy or reputational interests by filing the Combined Motion, other uncharged subjects of the investigation and third parties have significant privacy, reputational, and due process interests that weigh heavily against disclosure of portions of the Application that the government has identified for redaction.  As then-Chief Judge Howell explained, there are "three distinct, yet overlapping individual interests" that could be jeopardized by disclosure of facts contained within search warrant materials:

> First, the mere association with alleged criminal activity as the subject or target of a criminal investigation carries a stigma that implicates an individual's reputational interest. Second, the substance of the allegations of criminal conduct may reveal details about otherwise private activities that significantly implicate an individual's privacy interests… Finally, where, as here, a criminal investigation does not result in an indictment or other prosecution, a due process interest arises from an individual being accused of a crime without being provided a forum in which to refute the government's accusations.

*Matter of the Application of WP Co. LLC* ("*WP Co.*"), 201 F. Supp. 3d 109, 122 (D.D.C. 2016).

The D.C. Circuit has likewise explained in the context of the Freedom of Information Act that "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity," including because of "the stigma potentially associated with law enforcement investigations" and the potential of those individuals to become "the subjects of rumor and innuendo, possibly resulting in serious damage to their reputations."  *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 92 (D.C. Cir. 1984) (internal quotations omitted); *see also, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. Dep't of Just.* ("*CREW*"), 854 F.3d 675, 682 (D.C. Cir. 2017) (explaining "individuals have an obvious privacy interest . . . in keeping secret the fact that they were subjects of a law enforcement investigation," and this "privacy interest also extends to third parties who may be mentioned in investigatory files, as well as to witnesses and informants who provided information during the course of an investigation"); *Fund for Constitutional Gov't*

*v. Nat'l Archives & Recs. Serv.*, 656 F.2d 856, 864 (D.C. Cir. 1981) ("There can be no clearer example of an unwarranted invasion of personal privacy than to release to the public that another individual was the subject of an FBI investigation.") (internal quotations omitted).

Here, the government has marked for redaction portions of the Application that contain information about subjects of the investigation and other third parties—including information that could identify them and their private activities. These materials include non-public information that the government obtained through witness interviews and/or legal processes. Public release of this information would not only invade the subjects' "obvious privacy interest . . . in keeping secret the fact that they were subjects of a law enforcement investigation," *CREW*, 854 F.3d at 682, but would also gratuitously "reveal details about otherwise private activities," *WP Co.*, 201 F. Supp. 3d at 122, for both subjects and other third parties. Furthermore, because the subjects and other third parties have not been charged with any crimes, release of this information would harm their due process interests against "being accused of a crime without being provided a forum in which to refute the government's accusations." *Id.*

Second, the government has a compelling law enforcement interest in maintaining portions of the Application under seal. Although this investigation is now closed, unsealing portions of the Application that describe any subjects' and/or witnesses' statements to law enforcement would jeopardize the government's ability to obtain truthful information from subjects or witnesses in future investigations. An expectation from subjects and witnesses that statements they provide to law enforcement will eventually be made public—even if no charges are brought, and without the safeguards of a trial subject to ordinary rules of evidence—would likely chill potential cooperation. "For obvious reasons, ensuring that investigators are able obtain information and assistance from individuals with direct knowledge of criminal conduct is critical to law enforcement efforts and

the government's compelling interest in protecting the public." *WP Co.*, 201 F. Supp. 3d at 127; *see also, e.g.*, *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) (explaining "if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony").

\* \* \*

In an effort to file this Response publicly and to unseal appropriate portions of the Application as promptly as possible in this closed investigation, the government has described in this Response its legal rationales for its proposed redactions, but it has not described in further detail the portions of the Application that the government believes should remain under seal. Should the Court wish, the government can address in an *ex parte* sealed filing any questions the Court may have about the continued need for sealing specific portions of the Application.

## REQUEST TO SEAL ATTACHMENT A

Because the Application is currently under seal and the government is seeking to maintain certain portions of the Application under seal, the government requests that Attachment A— which contains the Application with proposed redactions in a manner that renders the full Application visible—be filed *ex parte* and under seal.

## CONCLUSION

The government respectfully requests that the Court unseal the Application subject to the redactions identified in Attachment A.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ *Gregg A. Maisel*
Gregg A. Maisel
D.C. Bar No. 447902
Assistant United States Attorney
Chief, National Security Section
Deputy Chief, Criminal Division
601 D Street, NW
Washington, DC 20530
Phone: 202-252-7812
Gregg.Maisel@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General

/s/ *Tanner Kroeger*
Tanner Kroeger
New York Bar No. 5297015
Acting Deputy Chief
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Phone: (202) 353-9488
Tanner.Kroeger@usdoj.gov

6