**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH SIX ACCOUNTS STORED AT PREMISES CONTROLLED BY ONE PROVIDER PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. § 951

Case No. 26-mc-00098-JEB

# PETITIONERS' STATUS REPORT

Petitioners Michael Caputo and Judicial Watch, Inc. respectfully submit this Status Report pursuant to the Court's September 4, 2026 Minute Order.

1. The parties have conferred three times about the Government's redactions, including a paragraph-by-paragraph discussion on September 1, 2026. As the parties reported in their September 4, 2026 Joint Status Report, on September 3, 2026, the Government produced a revised version of Document 1, lifting some of its prior redactions. Petitioners have now completed their review of the revised document. The revisions narrowed the parties' disagreement but did not resolve it. Although Petitioners cannot see what remains withheld, they object to the continued withholding of: (1) factual information beyond what is needed to protect third-party privacy; (2) the names of companies owned or operated by Caputo; (3) the names of individuals already publicly identified; and (4) the names of the FBI affiant and the Assistant United States Attorney.

2. The governing framework of this matter is not in dispute. The Government agrees that the search-warrant application is a judicial record subject to the common-law right of access and that the public also has a First Amendment right of access to the application. ECF No. 8 at 2. The investigation is also closed. *Id.* at 1, 4.

3. Where the First Amendment right applies, a record may remain sealed only if the court makes specific findings on the record demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986) (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). The asserted interest must be "articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise*, 464 U.S. at 510. The common-law analysis likewise begins with a strong presumption in favor of public access. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). Under either standard, the burden rests on the Government as the party seeking to keep the record sealed.

4. Those principles strongly favor disclosure here. The remaining redactions obscure portions of the factual basis on which the Government sought, and the Court granted authorization to search Caputo's Google account. The principal purpose of public access to the application is to allow the public, and Caputo himself, to understand why the Government sought the warrant and why the Court found probable cause for so extensive a search. *See* ECF No. 1 at 6–9. That purpose is defeated when substantive portions of the probable-cause narrative remain concealed without a particularized justification.

5. Petitioners object to certain remaining redactions because they appear broader than necessary to protect legitimate third-party privacy interests. Petitioners do not dispute that particular names, identifying information, or genuinely private information concerning uncharged third parties may, in appropriate circumstances, remain under seal. But those interests do not justify withholding substantive information where a person's identity or private information can be protected through a more limited redaction. The Government itself describes

its asserted privacy interest as protecting information that could identify uncharged subjects and third parties and reveal their private activities. Redacting the underlying factual narrative as well as information identifying the individual is not narrowly tailored where the former can be disclosed without revealing the latter. In some instances, the redactions extend even to prepositions, conjunctions, and punctuation.

6. In addition, Petitioners object to the redaction of the names of companies owned or operated by Caputo. Caputo has waived his own privacy and reputational interests by seeking disclosure of the warrant materials, as the Government itself acknowledges. ECF No. 8 at 3. The Government therefore cannot rely on Caputo's privacy interests to withhold the identities of companies owned or operated by him where disclosure of those identities would reveal no protected information concerning any third party.

7. Petitioners also object to the continued redaction of individuals' names where the individuals and their connection to the matters discussed in the application have already been publicly identified, including through news reports, publicly available records, or credits to a documentary. To the extent the information the Government seeks to protect is already public, the Government should be required to identify what cognizable privacy or other interest remains and why continued sealing is narrowly tailored to protect that interest.

8. Moreover, Petitioners object to the redaction of the names of the FBI agent who signed the affidavit in support of the warrant application and the Assistant United States Attorney who submitted the application to the Court. These individuals were acting as government officials in the performance of their official duties. They are not uncharged subjects of the investigation, witnesses, or private third parties whose association with a criminal investigation might implicate the privacy, reputational, or due-process interests identified in the Government's

response. Nor has the Government identified any particularized privacy, safety, or law-enforcement concern arising from disclosure of their identities. The identities of the affiant and the Government attorney who presented the warrant application are directly relevant to the public's ability to understand and evaluate the judicial process at issue. The FBI agent attested to the facts offered to establish probable cause, and the Assistant United States Attorney presented the Government's request for judicial authorization. Absent a particularized showing that continued sealing of their identities is necessary, their names should be unredacted.

9. Petitioners therefore respectfully request that the Court direct the Government to provide a particularized justification for each remaining redaction and, after reviewing the redactions in camera, order disclosure of all information for which continued sealing is not justified.

Dated: September 11, 2026

Respectfully submitted,

/s/ Michael Bekesha

Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Petitioners*